## REED *a.* ENNIS.

*Supreme Court, First District ; Special Term, April,* 1857.

ATTACHMENT.—COLLUSION TO DELAY CREDITORS.

H. having attached interest of E., a non-resident, in his partnership property, upon
an individual debt, R., a partnership creditor, at request of E., accepted a con-
fession of judgment, and levied upon the attached property. The court having
set aside the judgment and execution as in fraud of creditors, R. issued an at-
tachment in a new suit upon the same debt, and levied it on the same property,
but for four months took no further steps in the suit, meanwhile selling goods
to E. upon security,—

    *Held,* upon motion of H., that the attachment must be vacated, as intended
merely to delay or defeat the attachment of H.

Motion to vacate attachment.

The facts in the case are stated in the opinion.

MITCHELL, J.—Haven issued an attachment, and caused it to be
levied on property of Ennis, owned by him and a partner, not a
defendant in that action. *Ennis* thereupon requested Reed & Co.
to accept a confession of judgment from himself and copartner,
and levy on the attached property, thus gaining a prior right of
payment over Haven. The general term set aside the judgment
and execution on the 19th of November last, as being *intended*
to defraud creditors. Thereupon Reed & Co. issued an at-
tachment on their partnership debt, and directed the sheriff to
levy on the *same property* on which Haven had levied : having
done this they took no further step in this new action, and did
not even prepare papers for publication against Ennis as a non-
resident until the 13th or 31st of March last, more than four
months after their attachment was levied, thus leaving their at-
tachment dormant, and apparently to be used only against other
creditors. They and their attorney endeavor to explain the de-
lay, but the explanation is not satisfactory. They went on sell-
ing to Ennis & Co. after the attachment issued. This showed a
measure of reliance on his credit. They required and got se-
curity on those sales. This also shows a perfectly friendly feel-
ing between them and Ennis & Co., and that if they chose they

could get security for the debt attached; and justifies the infer-
ence in connection with their delay in prosecuting the present
suit, and the established design in the former confession of judg-
ment; that the same design still exists; and that the attachment
is levied, not to *secure* the debt due to them, but to continue the
hindrance and delay of Haven; and that it would be dropped
if Haven's claim were out of the way.

The motion therefore is granted to vacate the attachment is-
sued by Reed & Co., with $10 costs of the motion.